UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
SEGUNDO FRANCISCO TENEMAZA,
individually and on behalf of all others
similarly situated,

                      Plaintiffs,

        - against -

EAGLE MASONRY CORP. and
VITO GARGANO,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPORT AND RECOMMENDATION**

20 Civ. 452 (AMD) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

      Plaintiff Segundo Francisco Tenemaza ("Plaintiff") commenced this action against Defendants Eagle Masonry Corp. and Vito Gargano (together, "Defendants") seeking to hold Defendants liable to Plaintiff for damages arising from violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., New York Labor Law ("NYLL"), N.Y. Lab. L. §§ 650 et seq., and regulations promulgated thereunder.  See ECF No. 1.  Plaintiff now moves for default judgment against Defendants for their failure to answer or otherwise respond to the complaint filed on January 27, 2020.  Plaintiff seeks a default judgment against Defendants for damages in the amount of $196,432.48.[1]  Plaintiff's motion is before this Court on referral from the Honorable Ann M. Donnelly.

---

[1] Although the complaint asserted collective claims, Plaintiff did not reiterate his request for collective action in his default judgment motion.  The collective action certification request is deemed waived.  See Galicia v. 63-68 Diner Corp., No. 13 Civ. 3689 (PKC), 2015 WL 1469279, at *1 (E.D.N.Y. Mar. 30, 2015) ("Because [p]laintiff now seeks a default judgment and has not reiterated his request for collective action in the present motion, the Court considers Plaintiff's collective action request waived.").

1

For the reasons stated below, this Court respectfully recommends that Plaintiff's motion for default judgment be denied without prejudice, and that Plaintiff be given 30 days to file an amended pleading that addresses the FLSA pleading omissions identified herein.  If Plaintiff fails to file and serve a satisfactory pleading, the action should be dismissed without prejudice and for lack of jurisdiction over the state law claims.

### I.     Background

The facts discussed below are drawn from Plaintiff's complaint and the docket unless stated otherwise.

#### a. Factual Summary

Defendant Eagle Masonry Corp. ("Corporate Defendant") is a New York corporation with its principal place of business at 1535 Richmond Ave., Staten Island, New York 10314.  See ECF No. 1 ¶ 11.  Plaintiff alleges that Corporate Defendant is an enterprise engaged in interstate commerce that "has had employees engaged in commerce or in the production of goods for commerce" and "has had an annual gross volume of sales of not less than $500,000.00."  See id. ¶ 18.  Defendant Vito Gargano ("Individual Defendant") is an owner and operator of Corporate Defendant.  See id. ¶ 12.  At all relevant times, Individual Defendant had the power to hire and fire employees, establish and pay wages, set work schedules, maintain employment records, and otherwise make personnel and payroll decisions on behalf of Corporate Defendant.  See id. ¶¶ 14-16.

Plaintiff was employed by Defendants to work at Corporate Defendant from in or around April 2013 until in or around February 2018.  See id. ¶ 19.  Throughout his employment, Plaintiff was a bricklayer but also performed other miscellaneous duties.  See id. ¶ 20.  Between

January 2014[2] and December 2016, Plaintiff was paid $32.00 per hour. See id. ¶ 21. Between January 2017 and February 2018, Plaintiff was paid $36.00 per hour. See id. At all relevant times, Plaintiff worked 66 or more hours per week. See id. ¶ 22. Plaintiff contends that Defendants never paid Plaintiff overtime wages for hours worked in excess of forty hours per week. See id. ¶ 23. According to Plaintiff, Defendants also failed to post notices of minimum wage and overtime wage requirements or to keep payroll records. See id. ¶¶ 24-25.

### b. Procedural History

Plaintiff timely commenced this action against Defendants. See generally id. The complaint alleges four claims:

(i)   failure to pay overtime wages under the FLSA;

(ii)  failure to pay overtime wages under the NYLL;

(iii) failure to provide written notice of rate of pay under the NYLL; and

(iv)  failure to provide wage statements or pay stubs under the NYLL.

See generally id. Plaintiff seeks damages totaling $196,432.48 consisting of: (i) unpaid overtime wages of $93,216.24; (ii) liquidated damages of $93,216.74; and (iii) statutory penalties of $10,000 for violations of wage-notice and wage-statement requirements under the NYLL. See ECF No. 16 ¶ 27.[3]

Plaintiff timely served Defendants with copies of the summonses and complaint and filed the executed summonses with the Court. See ECF Nos. 6-7. Defendants failed to timely answer or otherwise respond to the complaint. See Docket Status Report Order 4/15/2020. The Court

---

[2] Although Plaintiff's employment commenced in April 2013, Plaintiff's allegations are limited to the period between January 2014 and February 2018.

[3] Plaintiff has not moved for attorney's fees or costs. See id.

3

issued an Order directing Defendants to answer by May 15, 2020. See id. A copy of the Order was mailed to Defendants by Plaintiff's counsel. See ECF No. 8. Defendants failed to answer or otherwise respond to the complaint by May 15, 2020.[4] See generally Docket.

On July 22, 2020, Plaintiff requested a certificate of default against Defendants. See ECF No. 9. In his submission, Plaintiff's counsel stated that, on or about April 30, 2020, Individual Defendant called counsel's office on behalf of himself and Corporate Defendant to discuss the lawsuit. See id. ¶ 8. According to Plaintiff's counsel, multiple attempts to return Individual Defendant's call were unsuccessful. See id. ¶¶ 9-11. On July 27, 2020, the Clerk entered a certificate of default against Defendants. See ECF No. 11.

On July 28, 2020, this Court held a telephonic status conference. See Docket Entry 7/28/2020. Counsel for Plaintiff appeared, but Defendants failed to appear by counsel or otherwise despite notice of the conference. See id.; Docket Scheduling Order 7/16/2020. This Court gave Defendants another opportunity to answer or respond to Plaintiff's complaint by August 18, 2020. See Docket Status Report Order 7/28/2020. Plaintiff was given leave to file a motion for default judgment should Defendants again fail to respond in writing by the Court-ordered deadline. See id. A copy of the Order was mailed to Defendants by the Court.[5] See id.

---

[4] The Order also gave Plaintiff leave to request a Certificate of Default on or before June 15, 2020 should Defendants fail to answer by the May 15, 2020 deadline. See id. Although Defendants did not answer or respond to the complaint on or before May 15, 2020, Plaintiff failed to comply with the Order. See Docket Scheduling Order July 16, 2020. This Court issued an Order scheduling a telephone conference for July 28, 2020. See id. Copies of the case docket and the Scheduling Order were mailed to Defendants by the Court. See id.

[5] Documents were mailed to Defendants at 1535 Richmond Avenue, Staten Island, NY 10314, and 160 Covington Circle, Staten Island, NY 10312. The documents mailed to 1535 Richmond Avenue were returned as undeliverable. ECF Nos. 12-13.

Defendants did not answer or otherwise respond to the complaint by August 18, 2020. Plaintiff filed the instant motion for default judgment. ECF Nos. 15-17. In an affidavit submitted in support of the motion, Plaintiff's counsel reports that, on or around August 31, 2020, counsel's office was again able to speak to Individual Defendant. ECF No. 16 ¶ 13. Individual Defendant allegedly refused to retain counsel or participate in this action. See id. ¶ 14. To date, Defendants have not contacted the Court, retained counsel, responded to the complaint, opposed Plaintiff's motion for default judgment, or otherwise participated in this action.

## II. Discussion

### a. Motion For Default Judgment

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure by which a party may obtain a default judgment. See Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (citing Fed. R. Civ. P. 55); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, if a party has failed to plead or otherwise defend against an action, the Clerk of Court must enter a certificate of default by making a notation on the record. See Fed. R. Civ. P. 55(a). Second, after this entry of default, if the defaulting party still fails to appear or move to set aside the default, the court may enter a default judgment if the complaint is well-pleaded. See Fed. R. Civ. P. 55(b); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). "The standard for this determination mirrors that applied to a motion to dismiss for failure to state a claim[,]" Astoria Energy II LLC v. HH Valves Ltd., No. 17 Civ. 5724 (ENV) (RER), 2019 WL 4120759, at *2 (E.D.N.Y. Aug. 2, 2019), R&R adopted, 2019 WL 4091417 (E.D.N.Y. Aug. 29, 2019), and the Second Circuit has recently reiterated that Rule 12(b)(6) review "must

accept as true all nonconclusory factual allegations in the complaint[,]" <u>Kaplan v. Lebanese Canadian Bank, SAL</u>, 999 F.3d 842, 854 (2d Cir. 2021) (citations omitted). The trial court has the "sound discretion" to grant or deny a motion for default judgment. <u>See</u> <u>Enron Oil Corp.</u>, 10 F.3d at 95. In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party. <u>Id.</u> at 95-96 (recognizing "the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard"). The court must therefore ensure that Plaintiff (1) satisfied all required procedural steps in moving for default judgment, <u>see</u> Local Civ. R. 55.2; and (2) sufficiently alleges nonconclusory facts which, when accepted as true, establish liability as a matter of law, <u>see</u> <u>Finkel v. Romanowicz</u>, 577 F.3d 79, 84 (2d Cir. 2009); <u>see</u> <u>Kaplan</u>, 999 F.3d at 854.

On review of the record, this Court finds that both procedural and substantive deficiencies warrant denial of Plaintiff's motion for default judgment. Plaintiff failed to comply with Local Civil Rule 55.2(c); failed to comply with the Servicemembers Civil Relief Act, 50 U.S.C. § 3931; and failed to file a well-pleaded complaint with nonconclusory allegations sufficient to establish Defendants' liability under the FLSA as a matter of law. This Court therefore respectfully recommends that Plaintiff's motion for default judgment be denied.

### b. Noncompliance With A Local Civil Rule

"Where the movant is represented by counsel . . . a motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules." <u>Bhagwat v. Queens Carpet Mall, Inc.</u>, No. 14 Civ. 5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015). Failure to comply with Local Rule 55.2 warrants denial of the motion for default judgment. See <u>Allstate Ins. Co. v. Abramov</u>, No. 16 Civ. 1465 (AMD) (SJB), 2019

6

WL 1177854, at *3 (E.D.N.Y. Feb. 21, 2019), R&R adopted, 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019).  Here, although Plaintiff complied with Local Civil Rule 55.2(b), Plaintiff's failure to comply with Local Civil Rule 55.2(c) warrants denial of the motion for default judgment.

### i. Plaintiff Complied With Local Civil Rule 55.2(b)

Local Civil Rule 55.2(b) of the United States District Courts for the Southern and Eastern Districts of New York requires that a party seeking default judgment "shall apply to the Court as described in Fed. R. Civ. P. 55(b)(2) and shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment."  Local Civ. R. 55.2(b).

Plaintiff has complied with Local Civil Rule 55.2(b).  Plaintiff's submission in support of his motion for default judgment includes a copy of the certificate of default, a copy of Plaintiff's complaint to which Defendants have not responded, and a proposed order granting default judgment in favor of Plaintiff.  See ECF Nos. 16-5, 16-1, 16 at 6-7, respectively.

### ii. Plaintiff Failed To Comply With Local Civil Rule 55.2(c)

Local Civil Rule 55.2(c) of the United States District Courts for the Southern and Eastern Districts of New York requires that "all papers submitted to the Court pursuant to Local Civil Rule [55.2(b)] shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual).  Proof of such mailing shall be filed with the Court.  If the mailing is returned, a supplemental affidavit shall be filed with the Court setting forth that fact, together with the reason provided for return, if any."  Local Civ. R. 55.2(c).  Service of the motion on non-appearing defendants is of particular importance because "mailing notice of such an application is conducive to both fairness and efficiency[.]"

Committee Note, Local Civ. R. 55.2; see Transatlantic Auto Grp., Inc. v. Unitrans-Pra Co., No. 08 Civ. 5070 (DLI) (CLP), 2011 WL 4543877, at *20 (E.D.N.Y. Sept. 9, 2011) (noting the Local Rules relating to default provide more protection for non-appearing defendants than the Federal Rules of Civil Procedure in order to promote fairness and efficiency), R&R adopted, 2011 WL 4543838 (E.D.N.Y. Sept. 29, 2011).  Failure to strictly comply with Local Civil Rule 55.2(c) is sufficient ground for denying a motion for default judgment.  See, e.g., United States v. Hamilton, No. 18 Civ. 2011 (ADS) (SIL), 2019 WL 6830318, at *2-3 (E.D.N.Y. Nov. 26, 2019), R&R adopted, 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019) (denying plaintiff's motion for default judgment for failure to comply with Local Civil Rule 55.2(c)) (collecting cases); Allstate Ins. Co., 2019 WL 1177854, at *3, R&R adopted, 2019 WL 1172381 (same).

Here, Plaintiff failed to submit evidence that the papers submitted in support of his motion for default judgment were simultaneously mailed to Defendants.  The only indicia (as distinguished from proof) that any portion of the moving papers was mailed to Defendants is found on the unsworn back page of the affirmation of Roman Avshalumov ("Mr. Avshalumov"), Plaintiff's counsel, and indicates, at most,[6] that the affirmation portion of the moving papers may have been mailed to Defendants.  See ECF No. 16 at 8.  There is no indication or proof that copies of the Notice of Motion at ECF No. 15 or the Memorandum of Law at ECF No. 17 were

---

[6] The Court observes "at most" because the carbon copy portion of the back page is unsworn, and therefore does not constitute "[p]roof of such mailing."  See J & J Sports Prods., Inc. v. Vergara, No. 19 Civ, 2382 (FB) (VMS) 2020 WL 1034393, at *5 (E.D.N.Y. Feb. 6, 2020) ("This Court interprets [Local Rule 55.2(c)] to require proof of mailing by affidavit because the next sentence requires a 'supplemental affidavit' to be filed for any returned mailing.  The phrase 'supplemental affidavit' would be meaningless of the sentence prior did not require an affidavit. . . . Thus, the certificates of service should have been sworn to by [the server], [o]therwise, [the server] should have made the certifications 'under penalty of perjury[]'. . . .") (internal citations omitted) (citing Local Rule 55.2(c), and Gundy v. United States, 139 S. Ct. 2116, 2126 (2019)), R&R adopted, 2020 WL 1031756 (E.D.N.Y. Mar. 3, 2020)

mailed to Defendants. See generally ECF Nos. 15, 16, 17. The absence of proof that "all papers submitted to the Court" were mailed to Defendants counsels against granting Plaintiff's motion for default judgment. Accordingly, this Court respectfully recommends denying the motion for default judgment for failure to comply with this rule. See Local Civ. R. 55.2(c).

### iii. Compliance With The Servicemembers Civil Relief Act

The Servicemembers Civil Relief Act (the "Act") requires a plaintiff seeking default judgment to "file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931(A); see Bhagwat, 2015 WL 13738456, at *1 (denying motion for default judgment where plaintiff, among other things, failed to include in their motion papers a certification that the individual defendant is not a servicemember). "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgement is to be entered." Pruco Life Ins. Co. of New Jersey v. Est. of Locker, No. 12 Civ. 882 (ENV) (RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012) (internal citations omitted). "The court lacks the power to excuse compliance with th[is] statute." Uribe v. Nieves, No. 17 Civ. 5155 (RRM) (RER), 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018).

Plaintiff established that Individual Defendant was not a service member at the time he was served with process. Plaintiff's process server Fade Masoud ("Mr. Masoud"), in his affidavit of service, stated that "Defendant is not in the military service." See ECF No. 6. That statement was based on an investigation. Indeed, Mr. Masoud stated that he spoke to "Christina Gargano, wife," specifically asked whether Defendant was in the military service and received a

negative reply. See ECF No. 6. This is sufficient to establish Plaintiff's compliance with the Act at the time of commencing this action.

Plaintiff failed to establish compliance with the Act in connection with moving for default judgment. In the affirmation of Roman Avshalumov, Plaintiff's counsel, Mr. Avshalumov stated, "[u]pon information and belief, [Individual] Defendant [] is not in the military[.]" See ECF No. 16 ¶ 4. Mr. Avshalumov failed to offer facts to support this conclusory statement, and he failed to show that any investigation into Individual Defendant's military status has been conducted since Mr. Masoud was served with process on February 7, 2020. See Uribe, 2018 WL 4861377 at *1-2 (noting that the affidavit may not be based on conclusory statements).

Plaintiff's failure to comply with the Act requires denial of his motion for default judgment. This Court therefore respectfully recommends that Plaintiff's motion for default judgment against Individual Defendant be denied for this independent basis.

### c. Liability Under The FLSA And The NYLL

In addition to the procedural deficiencies discussed above, Plaintiff's motion should also be denied for substantive reasons. "[B]ecause a party in default does not admit conclusions of law, it is incumbent upon the Court to consider whether the plaintiff has pleaded facts sufficient to establish the defendant's liability with respect to each cause of action." Cazares v. 2898 Bagel & Bakery Corp., No. 18 Civ. 5953 (AJN), 2020 WL 2832766, at *3 (S.D.N.Y. May 31, 2020) (citation & internal quotation marks omitted).

This Court finds that Plaintiff's conclusory allegations are insufficient to establish Defendants' liability under the FLSA. Without a default judgment under the FLSA, this Court finds that it is appropriate to decline to exercise supplemental jurisdiction over Plaintiff's claims

under the NYLL. As such, this Court respectfully recommends that Plaintiff's motion for default judgment be denied.

> i. **Plaintiff's Conclusory Allegations Fail To Establish Liability Under The FLSA**

In order to establish a claim against a defendant under the FLSA, a plaintiff must demonstrate: (1) that he was an "employee" of the defendant; and (2) that the defendant is an enterprise engaged in interstate commerce or in the production of goods for interstate commerce. See 29 U.S.C. §§ 206(a), 207(a); Chen v. Major League Baseball, 6 F. Supp. 3d 449, 453-54 (S.D.N.Y. 2014). Plaintiff has satisfactorily alleged neither.

> 1. **Employer-Employee Relationship**

"[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts[.]" Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013). "The 'economic reality' test applies equally to whether workers are employees and to whether managers or owners are employers[,]" and it is a "flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." Id.; see Velarde v. GW GJ, Inc., 914 F.3d 779, 783 (2d Cir. 2019) ("[T]he concept of 'employment'—pivotal to FLSA's application—is a flexible one to be determined on a case-by-case basis by review of the totality of the circumstances while emphasizing the 'economic reality' of the parties' relationships."). Although the "economic reality" test is not determined with reference to any isolated factor, courts may consider "a nonexclusive and overlapping set of factors" as relevant to the facts of each case. See Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 75-76 (2d Cir. 2003). These factors include, but are not limited to, "(1) the degree of control exercised by the [alleged] employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and

independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the [alleged] employer's business." Brock v. Superior Care, 840 F.2d 1054, 1058-59 (2d Cir. 1988). Still other nonexclusive factors that courts' "economic realities" test may take into account include whether a plaintiff's alleged defendant employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Irizarry, 722 F.3d at 104-06; see Zheng, 355 F.3d at 69 (noting "that these four factors can be sufficient to establish employer status[,]" but that a positive finding on all four is not required to establish employer status) (emphasis in original).

Plaintiff's conclusory boilerplate allegations are insufficient to establish that Defendants were his employers or that Plaintiff was their employee. Aside from the duration of Plaintiff's alleged employment with Corporate Defendant, the record lacks allegations relevant to showing from a totality of circumstances that Corporate Defendant was Plaintiff's employer. See Compl., at ECF No. 1 ¶ 19 (tenure of alleged employment); ECF No. 1, passim; Pl. Decl. at ECF No. 16-7 ¶ 1 (tenure of alleged employment); ECF No. 16-7, passim. At the same time, this Court infers from Plaintiff's allegation that he was paid $32 to $36 per hour for bricklaying work that he had a high degree of skill and independent initiative in his duties that weighs against an employer-employee relationship finding. See Brock, 840 F.2d at 1059. With regards to liability against Individual Defendant, Plaintiff makes only "boilerplate allegations that simply recite the elements of the economic reality test" and are therefore "insufficient to state a claim." Keawsri v. Ramen-Ya Inc., No. 17 Civ. 2406 (VEC), 2018 WL 279756, at *3 (S.D.N.Y. Jan. 2, 2018) (citing Tracy v. NVR, Inc., 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) ("[M]ere boilerplate

allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details—essentially 'a formulaic recitation of the elements of a cause of action'—are insufficient to raise plaintiffs' right to relief 'above a speculative level' with respect to that individual's liability as an employer under the FLSA."); see also Compl., at ECF No. 1 ¶¶ 12-17; Pl. Decl. at ECF No. 16-7 ¶¶ 2-8, 10-11 (allegations closely tracking the various prongs of the economic reality test). This Court therefore finds that Plaintiff has failed to allege sufficient facts that Defendants were his employers under the FLSA.

### 2. Enterprise Or Individual Coverage

"The FLSA's minimum wage and overtime provisions apply to employees who are (1) personally engaged in interstate commerce or in the production of goods for interstate commerce (individual coverage), or (2) [were] employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce (enterprise coverage)." Grant v. All Star Baby Safety, Inc., No. 16 Civ. 1516 (DRH) (ARL), 2016 WL 3746565, at *1 (E.D.N.Y. July 8, 2016) (internal citations & quotations omitted); 29 U.S.C. §§ 206(a), 207(a)(1); see Jacobs v. N.Y. Foundling Hosp., 577 F.3d 93, 96 (2d Cir. 2009) (stating that the two categories of FLSA coverage are "commonly referred to as 'individual' and 'enterprise' coverage"). As relevant here, an employee engages in commerce by "performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 779.103. An enterprise engaged in commerce means an enterprise that

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or

>business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. §§ 203(b), 203(s)(1)(A).

The Complaint's three allegations in support of FLSA coverage are (1) that:

>[o]n information and belief, [Eagle Masonry Corp.] is, at present and has been at all times relevant to the allegation [sic] in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person[;] and (ii) has had an annual gross volume of sales of not less than $500,000.00[,]

Compl., at ECF No. 1 ¶ 18; (2) that, at all times relevant to this action, "Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§[]206(a) and 207(a)"; and (3) that "Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§[]206(a) and 207(a)[,]" see ECF No. 1 ¶¶ 41, 42, passim. These conclusory allegations are insufficient to establish either enterprise or individual coverage under the FLSA. See, e.g., Aponte v. Clinton St. Pizza, Inc., No. 20 Civ. 2037 (KMW), 2021 WL 1961646, at *3 (S.D.N.Y. May 17, 2021) (finding that conclusory statements alone without specific supporting factual allegations are insufficient to establish individual or enterprise coverage on default) (citation omitted); Dixon v. Int'l Unified Workforce, Inc., No. 18 Civ. 7191 (LDH) (SJB), 2020 WL 6140054, at *3 (E.D.N.Y. Sept. 1, 2020) ("The minimal allegations in the [c]omplaint about interstate commerce are made solely on information and belief, and such allegations are accorded no weight, even on default."), R&R adopted, Dkt. Order dated Oct. 19, 2020; Salamanca v. ABC Corp., No. 19 Civ. 1335 (RRM) (SIL), 2019 WL 8807843, at *4 (E.D.N.Y. Oct. 30, 2019), R&R adopted, 2020 WL 2542497 (E.D.N.Y. May 18, 2020) (default judgment denied on FLSA claims where the sole allegations regarding defendants' business operations was a conclusory and "verbatim description of the

statute"); Day An Zhang v. L.G. Apparel, Inc., No. 09 Civ. 3240 (KAM), 2011 WL 900183, at *2 (E.D.N.Y. Feb. 18, 2011) (recommending denial of a default judgment motion when the complaint alleged, in conclusory terms, that defendants were "enterprises" subject to FLSA), R&R adopted, 2011 WL 900950 (E.D.N.Y. Mar. 15, 2011).  Here, Plaintiff has not offered any facts that connect his work with the statute's requirements, and it is not at all clear how the boilerplate allegations establish the necessary elements.  How bricklaying involves or relates to the movement of things between or among the States is not evident from the allegations; by its nature, it is a stationary activity.  Plaintiff fails to provide any information about the bricks, mortar or other supplies he used in his work so as to allege that they had moved in interstate commerce.  Plaintiff also fails to provide any information about the volume of Defendants' work to support the statement that the gross volume of sales was over $500,000.00.  This Court therefore finds that Plaintiff has not established either individual or enterprise coverage under the FLSA.

Based on the foregoing, this Court respectfully recommends that Plaintiff be denied default judgment as to his FLSA claims.

### d. This Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's NYLL Claims

Although the Court may exercise supplemental jurisdiction over Plaintiff's NYLL claims, courts may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  In considering whether to decline to exercise supplemental jurisdiction once all federal law claims have been dismissed, a court must consider "the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).  "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped

15

out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Id.

Weighing these factors, this Court recommends that Plaintiff's claims for state law default be denied for lack of subject matter jurisdiction. At this early stage in the litigation, Plaintiff has not expended significant time and effort on pursuing the suit in federal court. See Clorofilla v. Town of New Castle, 106 F. App'x 90, 92 (2d Cir. 2004) ("With respect to the remaining state-law claims, if it is firmly settled that 'when all bases for federal jurisdiction have been eliminated from a case so that only pendent state claims remain, the federal court should ordinarily dismiss the state claims.'") (quoting Baylis v. Marriott Corp., 843 F.2d 658, 665 (2d Cir. 1988)); see also Whiteside v. Hover-Davis, Inc., 995 F.3d 315, 325 (2d Cir. 2021) ("Because the district court properly dismissed [the plaintiff's] FLSA claim . . . the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over his remaining state law claims.") (citing Klein & Co. Futures, Inc. v. Bd. of Trade of New York, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are dismissed in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.")); see, e.g., Norman v. City of N.Y., No. 20 Civ. 5560 (VSB), 2020 WL 7496292, at *5 (S.D.N.Y. Dec. 20, 2020) (same); Qing You Li v. City of New York, No. 16 Civ. 174 (AMD) (RER), 2018 WL 6251339, at *6 (E.D.N.Y. Nov. 28, 2018) ("Because I dismiss all of the plaintiff's federal claims, there remains no independent basis for federal jurisdiction over the remaining state law claims . . . . The pendent New York law claims against these defendants . . . are dismissed.") (citations omitted).

### III.  CONCLUSION

In light of Plaintiff's failure to comply with the requirements of Local Rule 55.2(c) and the Servicemembers Relief Act, and Plaintiff's failure to sufficiently plead liability under the

FLSA, this Court respectfully recommends that Plaintiff's motion for default judgment be denied without prejudice. This Court further respectfully recommends that Plaintiff be given 30 days to file and serve an amended complaint if he can correct the FLSA pleading error. This Court recommends that if Plaintiff fails to refile and serve, the case be dismissed without prejudice as to state law claims.

### IV. OBJECTIONS

A copy of this report and recommendation is being provided to Plaintiff's counsel via ECF. The Court will mail copies of this report and recommendations to Eagle Masonry Corp. at 1535 Richmond Avenue, Staten Island, New York 10314, and Vito Gargano at 160 Covington Circle 2, Staten Island, New York 10312.

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated: Brooklyn, New York
      July 22, 2021

*Vera M. Scanlon*
    VERA M. SCANLON
    United States Magistrate Judge